61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laura Lynn Larkins BARTNICK, Plaintiff-Appellant,
v.
GREENWOOD VILLAGE, CITY OF; Greenwood Village Police
Department; John B. Carraher; Scott Jones; N. Tony Corsi;
Englewood Safety Services Department, City of; Perry
Schellpfeffer; Arapahoe County Sheriff Department; Patrick
Sullivan; Paul Dugdale; Dan Dugdale; Al Kidd, Defendants-Appellees.
 No. 94-1089.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Laura Lynn Larkins Bartnick, proceeding pro se, appeals the dismissal of her civil rights complaint for failing to comply with the pleading requirements of Fed.R.Civ.P. 8(a)(2), and the summary remand to state court of two state court proceedings in which she was the defendant. We affirm.
 
 
 3
 The two state court proceedings involving Ms. Bartnick arose out of traffic infractions. Hearings were scheduled in both. Before the hearings occurred, Ms. Bartnick filed a pro se pleading in federal district court, which she styled as a civil rights complaint under 42 U.S.C.1983 and a notice of removal.
 
 
 4
 The district court dismissed the civil rights complaint for failing to comply with Rule 8(a)(2)'s requirement that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The court accurately described Ms. Bartnick's complaint as containing "allegations that are conclusory, prolix and rambling." Order at 3, R. Vol. I, Tab 5.
 
 
 5
 It then summarily remanded the two state court proceedings to their respective courts. The court construed her pro se pleading liberally as seeking removal under 28 U.S.C. 1443, on the ground that her civil rights were being violated by the state courts. The court then held that Ms. Bartnick had no right of removal under section 1443, and further noted that the removal notice was procedurally defective.
 
 
 6
 28 U.S.C. 1447(d) provides that an order of remand to the state court from which it was removed is not reviewable on appeal, except if the removal was pursuant to section 1443. In this case, the district court liberally construed Ms. Bartnick's pro se pleadings as seeking removal under section 1443. Thus, we have jurisdiction to review the remand order.
 
 
 7
 We AFFIRM the district court's summary remand and its dismissal of the complaint, for substantially the reasons set forth in the district court's order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470